CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2010

JOHN F. CORCORAN, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. 7:94cr00037-1 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| EMJADIA PORTER. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Petitioner, Emjadia Porter, a federal inmate proceeding pro se, filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Upon review of the record, the court concludes that the action must be dismissed as successive.

I.

In 1995, a jury found Porter guilty of conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846. Following a successful § 2255 motion, the court resentenced Porter in 1999 to 262 months imprisonment and the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Porter, No. 99-4847, 2000 U.S. App. LEXIS 14126 (4th Cir. 2000). Thereafter, Porter filed another § 2255 motion, which the court dismissed in part on the merits and in part as successive. Porter appealed and the Fourth Circuit denied certificate of appealability and dismissed his appeal. See United States v. Porter, 24 F. App'x. 121 (4th Cir. 2001). Porter then filed a petition for writ of certiorari which the Supreme Court of the United States denied. See Porter v. United States, 537 U.S. 856 (2002).

On April 7, 2008, the court granted Porter's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 of the United States Sentencing Guidelines, and reduced Porter's sentence to 240 months. In his instant § 2255 motion, Porter argues that the court

1

violated the Fourth Circuit's finding in United States v. Carter, 564 F.3d 325 (2009), that when sentencing a defendant, the district court must "place on the record an individual assessment based on the particular facts of the case before it."

While a § 2255 motion is not second or successive where the defendant seeks to vacate an amended sentence on grounds opened by resentencing, see In re Taylor, 171 F.3d 185, 186 (4th Cir. 1999), proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant" and do not affect the finality of a criminal judgment. U.S.S.G. § 1B1.10(a)(3); see United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c)(2) is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution." (citation omitted)); see also United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) (holding that § 3582(c)(2) authorizes "a reduction of sentence" and not a "full resentencing"); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (holding that § 3582(c)(2) "do[es] not contemplate a full de novo resentencing" (quotation and citation omitted)); United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001) (The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence under § 3582(c) does not affect the finality of a criminal judgment.).

Court records indicate that Porter has previously filed § 2255 motions, Civil Action Nos. 7:99-cv-04847 (W.D. Va.) and 7:00-cv-00679 (W.D. Va.), regarding the same conviction and/or sentence. Porter's instant § 2255 motion is successive. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As Porter has not submitted any evidence of having obtained certification from the Court of Appeals to file a

second or successive §2255 motion, the court must dismiss his motion as successive.[1]

## II.

For the reasons stated, the court dismisses Porter's motion as a successive § 2255 motion.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all parties.

ENTER: This 29th day of January, 2010.

United States District Judge

---

[1] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.